IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

09 AUG 28 PM 3:18

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNIVERSITY ESTATES, INC.
9220 State Route 682
Athens, Ohio 45701

and

UNIVERSITY ESTATES, LLC.
9220 State Route 682
Athens, Ohio 45701

and

THE OHIO CLUB, INC.
9220 State Route 682
Athens, Ohio 45701

and

RICHARD T. CONARD
9220 State Route 682
Athens, Ohio 45701

          Plaintiffs,

  v.

CITY OF ATHENS, OHIO
8 East Washington Avenue
Athens, Ohio 45701

and

SILAR ADVISORS, LP
333 7th Avenue, 3rd Floor
New York, New York 10001

and

ASSET RESOLUTION, LLC
333 7th Avenue, 3rd Floor
New York, New York 10001,

2:09 cv 758

JUDGE FROST

MAGISTRATE JUDGE KEMP

CIVIL ACTION NO.

_____

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF

JURY DEMAND ENDORSED
HEREON

and

**WILLIAM J. BIAS**
170 East State Street
Athens, Ohio 45701-1746

**Defendants.**

## FACTS COMMON TO ALL COUNTS

1. Plaintiff University Estates, Inc. "UEI" is a corporation organized and existing under the laws of the State of Ohio.

2. Plaintiff University Estates, LLC "UELLC" is a limited liability company organized and existing under the laws of the State of Ohio.

3. Plaintiff The Ohio Club, Inc. ("Ohio Club") is a corporation organized and existing under the laws of the State of Ohio.

4. Plaintiff Richard T. Conard ("Dr. Conard") has a controlling interest in UEI, UELLC and Ohio Club.

5. Ohio Club is controlled by Dr. Conard and was formed for the primary purpose of operating a golf course facility on the property hereafter described.

6. Plaintiffs are sometimes collectively referred to herein as "UE".

7. Defendant City of Athens is a city located in Athens County, Ohio.

8. Defendant Silar Advisors, LP ("Silar") is a Delaware limited partnership doing business in Ohio, but not licensed to do business in Ohio as required by Ohio Revised Code §1703.27.

9. Defendant Asset Resources, LLC ("Asset Resources") is a Delaware limited liability company doing business in Ohio, but not licensed to do business in Ohio as required by Ohio Revised Code §1703.27.

10. On information and belief, Asset Resources is a subsidiary of Silar.

11. Defendant William J. Bias ("Bias") is the Athens City Council President.

12. On or about April 11, 2005, UELLC as Borrower executed a promissory note (the "Note) in favor of USA Capital First Deed Fund, LLC ("USA Capital") as Lender the amount of $2,500,000. Coupled with a Construction Loan Agreement of the same date, the amount could be increased to $4,075,000. A copy of the Note is attached hereto as "Exhibit A".

13. On or about April 11, 2005, UEI executed an Open-End Mortgage, Security Agreement and Assignment of Rents (the "Mortgage") purporting to secure payment of the Note as described therein. A copy of the Mortgage is attached hereto as "Exhibit B".

14. On or about April 11, 2005, Dr. Conard executed an Unconditional Repayment and Completion Guaranty relating to the Note. A copy is attached hereto as "Exhibit C".

15. Through a series of transactions, the Note and Mortgage, and amendments thereto, were assigned to Silar and/or Asset Resources (sometimes collectively referred to as "Silar/Asset Resources").

16. UE and its principal, Dr. Conard, and entities owned or controlled by Dr. Conard have had various disputes with the City of Athens, including but not limited to those described in the Settlement Agreement attached hereto as "Exhibit D".

17. The disputes described in the Settlement Agreement are merely a sample of the actions that the City of Athens has been willing to take to harm UE and Dr. Conard.

18. As a result of the disputes between Dr. Conard and the City of Athens, there has been and continues to be an adversarial and acrimonious relationship between Dr. Conard and the City of Athens.

19. The plan for the real property secured by the Note, as developed by UE (the "Property"), called for development of single-family residences, apartments, condominiums,

villas. Commercial and retail property, a golf course, assisted living and nursing home facilities, as well as associated amenities.

20. Bias is employed by a company that would be in competition with the nursing home and assisted living facilities planned for the Property.

21. In 2008, UE and Dr. Conard entered into negotiations with Silar/Asset Resources for the purchase by UE of the Note and Mortgage.

22. UE and Dr. Conard were advised that Silar/Asset Resources did not consider the Note to be in default, and no notice of default has been served upon UE.

23. At a time in 2009 unknown to UE, Silar/Asset Resources and The City of Athens improperly entered into discussions to undermine the negotiations between UE and Silar Asset Resources.

24. On or about June 23, 2009, Dr. Conard sent a letter to Paul Wiehl, as Mayor of Athens, advising him that UE owned the land in question, that any purchase negotiations should be through him, and that any discussions with Silar were improper and should cease. A copy of that letter is attached hereto as "Exhibit E".

25. The City of Athens did not respond to that letter, instead taking the improper actions as hereafter set forth.

26. The actions of the City of Athens were described in a June 25, 2009 Athens Messenger newspaper article as "a stunning turnaround" in its position regarding the Property. A copy of the article is attached hereto as "Exhibit F".

27. The actions were a "stunning turnaround" because the actions of the City of Athens are inconsistent with its prior positions concerning the Property.

28. On August 20, 2009, the Athens Messenger reported that "[t]he City of Athens has negotiated at $1.75 million memorandum of understanding for the possible purchase of more than 600 acres of the University Estates development off Rt. 682 and Armitage Road." A copy of the article is attached hereto as "Exhibit G".

29. On information and belief, the City of Athens has not passed a resolution authorizing the signing of such a memorandum of understanding. See list of Resolutions of Athens City Council attached hereto as "Exhibit H".

30. The City of Athens has admitted that it does not have the funds to proceed with the contemplated transaction. See Athens Messengers article attached hereto as "Exhibit I" and "Exhibit J".

31. On the 20th day of August, 2009, UE made a public records request for the memorandum of understanding referenced in the Athens Messenger article. A copy of the request is attached hereto as "Exhibit K."

32. On the 25th day of August, 2009, the City of Athens Law Director advised counsel for UE that, despite the statements contained in the Athens Messenger article, no such memorandum of understanding exists. A copy of the email message containing that response is attached hereto as "Exhibit L".

33. Also on August 25, 2009, counsel for Plaintiffs sent the City of Athens Law Director a follow-up email, requesting that he re-check the facts regarding the memorandum of understanding in light of the above Athens Messenger article. That email is also contained in Exhibit M. As of the filing of this Complaint, there has been no response to that request.

34. Title to the Property remains in the name of UE and cannot be sold by Silar/Asset Resources at this time.

35. Substantial Note payments were made by UE to Silar/Asset Resources in 2007 and 2008, and were accepted by Silar/Asset Resources.

36. No Notice of Default has been received by UE, and no foreclosure action has been filed.

37. The actions of the City of Athens and Bias are motivated by its ill will toward Dr. Conard and UE, are not in the financial best interests of the financially troubled City of Athens, and the actions of all defendants constitute a conspiracy to deprive UE of the Property.

## JURISDICTION AND VENUE

38. Jurisdiction of this Court is appropriate pursuant to 28 U.S.C. §1343(a)(3).

39. Venue of this Court is property under 28 U.S.C. §1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims herein occurred.

40. This suit is ripe for determination, as Defendants' actions are final decisions, further recourse to administrative or state or city procedures would be final, and/or a final decision is not required by existing law.

## COUNT ONE: 42 U.S.C. §1983. DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS OF LAW

41. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

42. Defendant Athens has deprived Plaintiffs of its property interests under color of law without due process of law in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

43. Plaintiffs' property interests are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution.

44. The action of Athens have been arbitrary, capricious, willful, and without regard to the facts and circumstances of the case.

45. As a result, Plaintiffs have been caused substantial damages. In addition, they are entitled to attorney fees pursuant to the provisions of 42 U.S.C. §1988.

### COUNT TWO: OHIO CONSTITUTION. DEPRIVATION OF PROPERTY INTERESTS WITHOUT DUE PROCESS OF LAW

46. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

47. Defendant Athens has deprived Plaintiffs of its property interests under color of law without due process of law in violation of the Ohio Constitution.

48. Plaintiffs' property interests are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution.

49. The action of Athens have been arbitrary, capricious, willful, and without regard to the facts and circumstances of the case.

50. As a result, Plaintiffs have been caused substantial damages.

### COUNT THREE: BREACH OF CONTRACT

51. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

52. The foregoing actions constitute a breach of contract by Silar/Resource Advisors, causing substantial damage to plaintiffs.

### COUNT FOUR: TORTIOUS INTERFERENCE WITH CONTRACT

53. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

54. The foregoing actions constitute tortious interference with contract by the City of Athens, causing substantial damage to plaintiffs.

## COUNT FIVE: CIVIL CONSPIRACY

55. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

56. The actions of the defendants constitute a civil conspiracy, as a malicious combination involving two or more persons, causing substantial injury to plaintiffs.

## COUNT SIX: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

57. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

58. The actions of the City of Athens constitute tortious interference with the business relationships of plaintiffs, causing substantial damage to plaintiffs.

## COUNT SEVEN: FRAUD

59. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

60. The actions of Defendants as alleged were fraudulent and were designed to wrongfully deprive UE of the Property.

## COUNT EIGHT: DEFAMATION PER SE

61. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

62. Defendants have falsely stated, among other things, that Plaintiffs have defaulted on the Note.

63. Said statements damage Plaintiffs in their trade and/or occupation.

Said statements, made orally and in writing, constitute libel and slander per se.

## COUNT NINE: DEFAMATION PER QUOD

64. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

65. Defendants have falsely stated, among other things, that Plaintiffs have defaulted on the Note.

66. Said statements, made orally and in writing, constitute libel and slander per quod.

## COUNT TEN: DECLARATORY JUDGMENT

67. Plaintiffs incorporate the allegations contained herein, the same as if fully rewritten.

68. Plaintiffs are entitled to have their rights under the Note and Mortgage, as well as their right to purchase the Note and Mortgage, declared, including a declaration that said Note is not in default.

**WHEREFORE**, Plaintiffs demand judgment against defendants in an amount in excess of $25,000.00, said amount to be determined at trial, punitive damages in excess of $25,000, attorney fees and costs. Plaintiffs further demand a declaration of their rights as set forth in the Complaint.

_____
Bret A. Adams    (0001632)
Adams, Babner & Gitlitz, LLC
5003 Horizons Drive, Suite 200
Columbus, OH 43220
Telephone: (614) 451.4227
Facsimile: (614) 451.3156
Email: ba@abglawyers.com

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury in the maximum number allowed by law as to all claims in which they are entitled to a jury.

_____
Bret A. Adams    (0001632)