IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNIVERSITY ESTATES, INC. et al.,

                Plaintiff,

      v.

CITY OF ATHENS, OHIO, et al.,

                Defendants.

Case No. 2:09-cv-758

JUDGE GREGORY L. FROST

Magistrate Judge Terence P. Kemp

MEMORANDUM OF PLAINTIFFS REGARDING
OHIO REVISED CODE SECTION 121.22 (OHIO'S "OPEN MEETING ACT")
AND OHIO REVISED CODE SECTION 102.03(B)

Depositions are scheduled for two City of Athens representatives. In addition, Plaintiffs seek to re-depose William Bias regarding questions he refused to answer in his previous deposition. Plaintiffs assume that counsel for Defendants will take the same position in the upcoming depositions as he did in the William Bias deposition, and will instruct the deponents that they should not answer questions regarding what took place in executive session.

This memorandum addresses the interpretation of Ohio Revised Code § 121.22(G), Ohio's Open Meeting Act, and its interplay with Ohio Revised Code § 102.03(B), titled "Representation by present or former public official or employee prohibited."

Section 121.22 provides in part:

121.22 Public meetings - exceptions.

(A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.

\*\*\*

(G) Except as provided in division (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:

***

(2) To consider the purchase of property for public purposes, or for the sale of property at competitive bidding, if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest. ****

Ohio Revised Code § 102.03(B), relied upon by Defendants, deals with the prohibition of "revolving door" situations where public employees use information obtained in their public official or employee capacities for their private gain.  It provides:

102.03 Representation by present or former public official or employee prohibited.

***

(B) No present or former public official or employee shall disclose or use, without appropriate authorization, any information acquired by the public official or employee in the course of the public official's or employee's official duties that is confidential because of statutory provisions, or that has been clearly designated to the public official or employee as confidential when that confidential designation is warranted because of the status of the proceedings or the circumstances under which the information was received and preserving its confidentiality is necessary to the proper conduct of government business.

I.     The Executive Session Was Not Properly Convened.

In this case, the executive session itself was not properly called.  If this Court so holds, further analysis is unnecessary and the actions taken in the purported executive session must be made public.  The vote in which the Council members voted to go into executive session did not comply with the requirements of the R.C. § 121.22(G) exception to public disclosure.  The statutory requirement is that council may hold an executive session only after a majority of a

quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of certain matters, including "[t]o consider the purchase of property for public purposes, or for the sale of property at competitive bidding, if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest. ****" Here, the vote did not comply with the statute, as it simply called for an executive session "to discuss Collective Bargaining, Pending and Imminent Litigation, and Real Estate Acquisition...." (See attached "Exhibit 1").

The stated purpose did not comply with the statutory requirement that the executive session must involve consideration of the purchase of property, "if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest."

In *Weisbarth v. The Geauga Park District, 2007 Ohio 6728; 2007 Ohio App. LEXIS 5890* (attached as "Exhibit 2"), the appellant alleged that the "appellee failed to specify, in its minutes, why it went into 'executive session.'" *Id., ¶ 2.* As stated in *Weisbarth*:

> Although not a substantive decision or formal action, *R.C. 121.22(G)* statutorily requires a public body to specify its reasons for entering executive session. Without this disclosure, the decision-making processes of the public body would not be fully "open," i.e. citizens would have no access to the thematic substance of the issues to be entertained during executive session thereby undermining the statute's general policy requiring governmental transparency. (Internal citations omitted). *Id., ¶ 19, fn. 3.*

Here, there was no statement in the minutes regarding granting an unfair bargain position to someone, and there was no way that the general public could know that Council members were considering the purchase of over 600 acres of land for $1,750,000, particularly in light of

3

the fact that Athens never considered buying the buying just the wellheads for a substantially lower amount (Deposition of William J. Bias, p. 60),[1] there had been no appraisal of the land (Bias deposition, pp. 118, 119), the purchase price had to be borrowed (see, for example, Bias deposition, p. 71) , there was no analysis of the real estate tax loss Athens would sustain (Bias deposition, pp. 70,71), and there was no calculation of how Athens could possibly repay its loan Bias deposition, pp. 74, 75, 118).

Efforts to circumvent the Open Meeting Act have not been well-received.  For example, in *The State ex rel. Cincinnati Post v. City of Cincinnati, 76 Ohio St. 3d 540; 1996 Ohio 372; 1996 Ohio LEXIS 626,* the Ohio Supreme Court stated the R.C. 121.22 "exists to shed light on deliberations of public bodies" and that it "cannot be interpreted in a manner which would result in the public being left in the dark." *Id. at 544.*  Accordingly, the Court held that back-to-back meetings which, taken together, are attended by a majority of a public body" could not be utilized to circumvent the public meeting requirements of Ohio law.  *Id. at 542.*

In *Bd. Of Trs. Of the Tobacco Use Prevention & Control Found. v. Boyce, 185 Ohio App. 3d 707, 2009 Ohio 6993; 2009 Ohio App. LEXIS 5858, affirmed  2010 Ohio 6207, 2010 Ohio LEXIS 3176,* the Tenth District Court of Appeals had before it minutes reflecting that "shortly after the meeting convened, the board chairman explained that the board needed to go into executive session to discuss legal issues relating to events surrounding the endowment fund."  A motion passed by unanimous roll call vote. *Id, ¶ 56.*  After returning to the public portion of the meeting, the board passed resolutions with little discussion. *Id., ¶¶ 58, 59.*

---

[1] This deposition transcript has been filed.  Doc. # 47.

The trial court held that the contract approved by the board was invalid due to noncompliance with *R.C. §121.22. Id., ¶ 63.* The court noted that the Open Meeting Act "is to be liberally construed to require a public body at all times to take official action and conduct deliberations upon official business in meetings open to the public", and that the statutory purpose if "to assure accountability of elected officials by prohibiting elected officials by prohibiting their secret deliberations on public issues." *Id., ¶ 64* (Internal citations omitted). The Court of Appeals held that the board violated R.C. 121.22, and that the contract thereafter executed was invalid and unenforceable. *Id., ¶ 77.*

In affirming, the Ohio Supreme Court noted that *R.C. 121.22(H)* states that "'A resolution, rule of formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) or (J) of this section and conducted in an executive session held in compliance with this section.'". *Id., ¶ 28.*

II.      Neither R.C. 121.22(G)(2) nor R.C. 102(B) Prevent Disclosure

In an exchange of correspondence between counsel, Defendants' counsel asserted that Defendants' position of non-disclosure was supported by Ohio Ethics Advisory Opinion Nos. 88-009, 91-009, 92-005, and 99-001 (letter and Opinions attached as "Exhibit 3"). But those opinions actually support Plaintiffs' position that Ohio Revised Code § 102.03(B) does not apply to this case, as every opinion cited deals with a "revolving door" situation where for government employees sought to gain from information they gained in confidence. Even the heading of the statute—"Representation by present or former public official or employee prohibited."— supports this conclusion.

5

There are few cases interpreting Section 121.22(G)(2). In 2003, the late Chief Justice Thomas J. Moyer authored a law journal article in the New York University School of Law Annual Survey of American Law. *59 N.Y.U. Ann. Surv. Am. L. 247* (attached as "Exhibit 4"). In that article, Chief Justice Moyer noted that "[t]he public availability of government information has long been recognized as a fundamental tenet upon which democratic theory rests." *Id. at 247.* Not surprisingly, he stated that "...exemptions [from public disclosure] must be narrowly construed in favor of disclosure, 'and any doubt should be resolved in favor of disclosure of public records.'" (Internal citation omitted). *Id. at 252.*

Unfortunately, R.C. 121.22(G) garnered only one sentence and a footnote, which merely recited the statute without comment. *Id., fn. 38.* While this memorandum examines cases decided before and after Justice Moyer's article, it is respectfully submitted that the exact question before the Court is one of first impression.

In the case at bar, Plaintiffs seek to prove that the City of Athens engaged in improper, actionable conduct. The City of Athens seeks to hide its actions by its claim that they took place in executive sessions and are not discoverable. The present situation is quite similar to that found by the Court of Appeals of Arizona, Division Two, Department B in *Gipson v. The honorable Robert R. Bean, 156 Ariz. 478; 753 P. 2d 168; 1987 Ariz. App. LEXIS 595 * 4* (attached as "Exhibit 5"), where the Court stated:

> Unless petitioners can prove their claims were presented to and rejected by the board of supervisors, their complaint must be dismissed. (Citation omitted). Moreover, the facts in support of petitioners' contentions lie exclusively within the possession of the defendants. To hold that the statute prohibits disclosure of the minutes in this lawsuit would effectively immunize defendants from liability without serving what we believe to be the purpose of the statute.

The statute Defendants rely upon is designed to protect the public from having public employees use confidential knowledge for their own person gain.  Defendants seek to subvert its purpose by attempting to have it apply to the exact opposite case—where private citizens are trying to keep public officials honest by requiring them to conduct their business in public and the public officials are trying to keep their deliberations secret.

III.    Conclusion

It is respectfully submitted that this Court should not allow this result and should hold that the conduct of Athens in its so-called executive session either is public because the executive session was not properly held, or because the provisions of *R.C. 102.03(B)* do not apply.

Respectfully submitted,

By: /s/ Joel H. Mirman
Joel H. Mirman          (0004904)
Bret A. Adams           (0001632)
ADAMS, BABNER & GITLITZ, LLC
5003 Horizons Drive, Suite 200
Columbus, OH  43220
Telephone:  614.360.1056
jhm@abglawyers.com
ba@abglawyers.com
Attorneys for Plaintiffs

7

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Memorandum was served upon the following via the United States District Court for the Southern District of Ohio's electronic filing system this 22$^{nd}$day of February, 2011.

Matthew L. Fornshell
Schottenstein, Zox & Dunn Co., LPA
250 West Street
Columbus, OH  43215

                               /s/ Joel H. Mirman
                              Joel H. Mirman          (0004904)