UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNIVERSITY ESTATES, INC., et al.,

      Plaintiffs,                            Case No. 2:09-cv-758
                                              JUDGE GREGORY L. FROST
      v.                                     Magistrate Judge Terence P. Kemp

CITY OF ATHENS, OHIO, et al.,

      Defendants.

**OPINION AND ORDER**

Following an unsuccessful February 16, 2011 mediation, the parties discussed with this Court a discovery disagreement that they thought warranted judicial intervention. The Court instructed the parties to file simultaneous briefs on the issue by 3:00 p.m. on February 22, 2011. Pursuant to that Order, Defendants filed a motion for a protective order (ECF No. 85) and Plaintiffs filed a memorandum opposing such an order (ECF No. 84).[1] Defendants subsequently filed an additional memorandum in contravention of this Court's ordered briefing schedule, and the Court has declined to consider that impermissible filing. (ECF No. 89.)

The issue before the Court is relatively clean cut. On June 15, 2009, the Athens City Council went into executive session. The minutes of the city council proceeding preceding the executive session provide:

---

[1] The motion's caption indicates that it was filed by Defendant the City of Athens while its signature block indicates that counsel also represent Defendant William Bias. Because the analysis herein covers both defendants and because these defendants indicated in discussions following the mediation that they were aligned in seeking a protective order, the Court shall treat the filing as a joint endeavor by both defendants.

> At approximately 8:30 p.m. Fahl moved to go into Executive Session to discuss Collective Bargaining, Pending and Imminent Litigation, and Real Estate Acquisition, and invited the Mayor, Law Director, and Auditor to attend. Knisely seconded. A roll call vote was taken as follows: Butler, aye; Coon, aye; Bain, aye; Fahl, aye; Sands, aye; Gosney, aye; and Knisely, aye. At approximately 9:00 p.m. Knisely moved to come out of Executive Session; Gosney seconded, and the meeting was adjourned.

(ECF No. 85-2, at 6.) During Plaintiff's June 28, 2010 deposition of William Bias, counsel instructed Bias not to answer any questions related to discussions held during this executive session. Plaintiffs seek to depose Bias and other witnesses on the executive session, while Defendants seek a protective order forbidding Plaintiffs from inquiring into the content of the executive session.

Both sides agree that their debate turns on application of Ohio Revised Code § 121.22(G)(2), part of Ohio's Open Meeting Act. That statute provides in relevant part:

> (G) Except as provided in division (J) of this section, the members of a public body may hold an executive session only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and only at a regular or special meeting for the sole purpose of the consideration of any of the following matters:
>
> . . .
>
> (2) To consider the purchase of property for public purposes, . . . if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest. No member of a public body shall use division (G)(2) of this section as a subterfuge for providing covert information to prospective buyers or sellers. A purchase or sale of public property is void if the seller or buyer of the public property has received covert information from a member of a public body that has not been disclosed to the general public in sufficient time for other prospective buyers and sellers to prepare and submit offers.

Ohio Rev. Code § 121.22(G)(2). Also related to the issue *sub judice* is Ohio Revised Code § 102.03(B), which provides:

2

> No present or former public official or employee shall disclose or use, without appropriate authorization, any information acquired by the public official or employee in the course of the public official's or employee's official duties that is confidential because of statutory provisions, or that has been clearly designated to the public official or employee as confidential when that confidential designation is warranted because of the status of the proceedings or the circumstances under which the information was received and preserving its confidentiality is necessary to the proper conduct of government business.

Ohio Revised Code § 102.03(B). Together, these statutes form the core of the parties' debate as to whether there is a statutory basis to preclude inquiry into the June 15, 2009 executive session.

Defendants argue that a protective order is warranted because the city council properly went into the executive session to discuss a real estate acquisition, *i.e.*, the contemplated deal that resulted in the controversial memorandum of understanding that forms much of the basis of Plaintiffs' theory of their case. Plaintiffs in turn assert that the executive session was invalid and therefore can afford no confidentiality because the motion and vote convening the closed session lacked a statement of requisite justification and sufficient detail.

Plaintiffs' argument is unpersuasive. This Court disagrees that the city council ineffectively complied with the statutory requirements for effective invocation of an executive session. Ohio Revised Code § 121.22(G)(2) provides that a council can go into executive session to consider the purchase of property for public purposes "if premature disclosure of information would give an unfair competitive or bargaining advantage to a person whose personal, private interest is adverse to the general public interest." Plaintiffs argue that by failing to state that its purpose was to avoid premature disclosure in the context described, as well as failing to disclose the detailed nature of the purpose to be considered, the city council failed to go into a proper executive session. Nowhere in Ohio Revised Code § 121.22 or in case law

interpreting that statute is there an express requirement that council not only set forth the reason for an executive session using the magic words of the applicable statutory provision involved, but also state the condition precedent serving as justification for the closed proceeding. Similarly, there is no requirement that a city council disclose information such as the number of acres or contemplated purchase price involved as Plaintiffs contend in order to go into executive session.

By motion, council publically stated that the executive session would include the topic of "Real Estate Acquisition," which effectively stated that council was entering into executive session "[t]o consider the purchase of property for public purposes." Ohio Rev. Code § 121.22(G)(2). This satisfies the Ohio law requirement that "[i]f a public body holds an executive session for one of the specified purposes, there must be a motion and vote to hold the executive session. The motion shall state which one or more of the approved purposes is the reason for the executive session." *In re Removal of Kuehnle*, 161 Ohio App. 3d 399, 421, 830 N.E.2d 1173, 1190 (Ohio Ct. App. 2005). The use of "Real Estate Acquisition" here targeted the only logically corresponding option in Ohio Revised Code § 121.22(G), distinguishing this case from those in which an ambiguous statement of the matter to be considered left unclear what approved statutory purpose of the several possibilities in (G) the council involved intended to discuss. *See, e.g., State ex rel. Long. v. Cardington Vill. Council*, 92 Ohio St. 3d 54, 60, 748 N.E.2d 58, 64 (2001) (holding that use of general terms like "personnel" and "personnel and finances" failed to identify sufficiently the specified statutory purposes to be discussed in executive session). Moreover, the additional specific nature of the approved purpose need not be divulged. *In re Removal of Kuehnle*, 161 Ohio App. 3d at 421, 830 N.E.2d at 1190 ("The statute requires a

4

public body to specify, in detail, the stated purpose for holding an executive session, although the law does not require that the specific nature of the matter to be considered be disclosed."). Because city council properly went into executive session, the contents of those sessions remain confidential. Although Plaintiffs construe Ohio Revised Code § 102.03(B) narrowly to preclude application here, their reading of the statute is without foundation. There is no time-contingent component to this statute.

Defendants' briefing raises two additional arguments that they assert Plaintiffs relied upon in seeking to conduct depositions on the executive sessions. Because Plaintiffs' briefing ignores these arguments, suggesting their abandonment, the Court shall address them only briefly for the sake of completeness. Plaintiffs also apparently argued previously that confidentiality ceased to exist upon execution of the memorandum in understanding. Plaintiffs have failed to direct this Court to any statutory basis supporting the proposition that memorialization of an agreement, or even an agreement to agree, provides a statutory exception to the ongoing preservation of confidentiality. Plaintiffs have also failed to cite any Ohio case law, and this Court has not uncovered any case law, holding that such memorialization vitiates confidentiality.

Finally, any argument that the executive session itself was invalid because of the presence of non-council members is without merit. Ohio case law has long defined an executive session as " 'one from which the public is excluded and at which only such selected persons as the board may invite to be permitted to be present.' " *Thomas v. Bd. of Trs. of Liberty Twp.*, 5 Ohio App. 2d 265, 268, 215 N.E.2d 434, 436 (Ohio Ct. App. 1966) (quoting *Blum v. Bd. of Zoning & Appeals*, 1 Misc. 2d 668, 671, 149 N.Y.S. 2d 5, 8 (1956)). The case law also

recognizes that

> [a]n executive session of a governmental body is normally one which is limited to the members of the governmental body and such other persons as are specifically invited by such body to attend the meeting. The test is not who is present at a meeting of the governmental body, but whether the meeting is open to the public.

*Id. See also Dayton Newspaper, Inc. v. City of Dayton*, 28 Ohio App. 2d 95, 99-100, 274 N.E.2d 766, 769 (Ohio Ct. App. 1971) (quoting *Thomas*). The presence of select invited persons who were not council members at the executive session therefore did not alter the character of the closed meeting and does not serve to obviate the confidentiality surrounding that proceeding.

The June 15, 2009 executive session falls within statutory protection that prevents Plaintiffs from inquiring into the confidential discussions and events they seek to uncover, and this confidentiality extends beyond the memorandum of understanding. Having reached these conclusions, this Court need not and does not address Defendants' moot argument that the executive session discussion are also protected from disclosure due to application of the attorney-client privilege.

The Court **GRANTS** Defendants' motion for a protective order. (ECF No. 85.) Plaintiffs cannot inquire into the discussions and events of the June 15, 2009 executive session.

**IT IS SO ORDERED.**

      /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE