UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNIVERSITY ESTATES, INC., et al.,**

      **Plaintiffs,**                         Case No. 2:09-cv-758
                                                    JUDGE GREGORY L. FROST
      v.                                      Magistrate Judge Terence P. Kemp

**CITY OF ATHENS, OHIO, et al.,**

      **Defendants.**

### OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) Plaintiffs' motion to dismiss without prejudice (ECF No. 99) and Defendants' memorandum in opposition (ECF No. 105);[1]

(2) Plaintiffs' motion to delay a ruling on Defendants' second motion for summary judgment (ECF No. 104) and Defendants' memorandum in opposition (ECF No. 107); and

(3) Defendants' second motion for summary judgment.  (ECF No. 101.)

In their motion to dismiss, Plaintiffs seek a voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41.  Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The rule also provides that "[u]nless the order states otherwise, a dismissal under this paragraph . . . is

---

[1] Originally, this Court scheduled a June 10, 2011 non-oral hearing on the motion to dismiss.  (ECF No. 100.)  Given the merits of the motion to dismiss, however, the Court has elected to dispense with waiting for Plaintiffs to file a reply memorandum and for the arrival of the non-oral hearing date to dispose of the motion.

1

without prejudice." Fed. R. Civ. P. 41(a)(2).

A court has discretion to impose conditions upon a voluntary dismissal without prejudice. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000). If a court decides to impose conditions on the dismissal, notice to the moving party of the court's intent to do so is required. A plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) " 'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms." *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994)); *see also Duffy*, 218 F.3d at 634 (holding that the district court abused its discretion by not giving plaintiffs notice and opportunity to withdraw motion before imposing conditions on dismissal); *U.S. v. One Tract of Real Prop.*, 95 F.3d 422, 425-26 (6th Cir. 1996) (holding that the district court abused its discretion when the court did not give plaintiff an opportunity to withdraw the motion before the court dismissed with prejudice, rather than without prejudice). *But see Broad. Music, Inc. v. Samuel Abdalla*, No. C-2-81-847, 1984 WL 2130, at *1 (S.D. Ohio June 27, 1984) (stating that a conditional dismissal should not be contingent upon the acceptance by plaintiff of certain terms and conditions).

Defendants the City of Athens and William J. Bias oppose a voluntary dismissal without prejudice. Dismissing Plaintiffs' insufficient resources explanation as just an excuse to avoid a merits decision, Defendants urge the Court to deny the motion to dismiss on the grounds that a dismissal without prejudice would result in their suffering plain legal prejudice. In the alternative, Defendants then argue that if the Court is inclined to permit dismissal, it should condition the dismissal upon Plaintiffs paying Defendants' attorneys fees and costs.

Defendants are correct that whether the Court should permit Plaintiffs to dismiss the case without prejudice involves determining whether a "without prejudice" dismissal would cause Defendants to suffer plain legal prejudice. *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002); *Jones v. Lemke*, 178 F.3d 1294, 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In order to determine whether Defendants will suffer plain legal prejudice, this Court should consider four factors: (1) Defendants' effort and expense of preparation of trial; (2) excessive delay and lack of diligence on the part of Plaintiff in prosecuting the action; (3) the sufficiency of Plaintiff's explanation for the need of the dismissal; and (4) whether Defendants have filed motions for summary judgment. *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718). The Court does not need to resolve every factor in Plaintiffs' favor to conclude that dismissal without prejudice is warranted. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The factors are more of a guide and discretion ultimately rests with this Court. *Id.*

In regard to the first factor, the Court recognizes that Defendants have naturally invested time and effort in litigating this action, some of it considerable. Defendants' argument that dismissal on Plaintiff's terms would be prejudicial because of the time, effort, and expenses they have invested therefore weighs against a dismissal without prejudice. This does not prove dispositive, however, given that courts have held that such expenditures may prove insufficient to defeat a plaintiff's motion. *See B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (" '[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .' " (quoting *Louis v. Bache Group, Inc.*, 92 F.R.D.

3

459, 461 (S.D.N.Y. 1981))). Rather, although the Court is cognizant of Defendants' interests, the Court is also concerned with whether potential legal harm to Defendants exists. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm" (citation omitted)).

The second factor weighs slightly in Plaintiffs' favor, although the Court recognizes that it nearly weighs in neither party's favor. Both sides have at times evinced a reckless disregard for their litigation obligations and the orders of this Court. Plaintiffs could have sought dismissal earlier than they did, and Plaintiffs have often requested additional time in these proceedings. But to characterize the manner in which Plaintiffs have pursued this litigation as presenting dispositive excessive delay and a lack of diligence on the part of Plaintiffs in prosecuting the action would go too far. Not all delay is excessive, and not all litigation choices are the result of a lack of diligence as opposed to mere sloppiness. Defendants have been the cause of some of the delay and have at times demonstrated equal inefficiency.

Plaintiffs' explanation of the need for the dismissal, the third factor in the mandated inquiry, also weighs slightly in their favor. In clear if at times rhetorically melodramatic terms, Plaintiffs explain that they lack the money to continue waging this litigation. They cannot afford to pursue their claims sufficiently with the depleted resources they have. The Court acknowledges that Plaintiffs have set forth a reasonable rationale for dismissal based on their circumstances. *Cf. Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 955 (6th Cir. 2009) (affirming dismissal without prejudice in part because "plaintiffs' cost-

4

benefit analysis provided a reasonable explanation for seeking dismissal").

Weighing more against Plaintiffs is the fourth factor. This litigation has been proceeding for years, although often with disruptive gaps in productivity resulting from less than efficient litigation conduct by both sides. The part Plaintiffs have played in this effect pushes the fourth factor close to the case posture presenting plain legal prejudice in *Maldonado*, 65 F. App'x 955. In that case, the Sixth Circuit held that the district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal because discovery was closed, the plaintiff waited until after defendants moved for judgment on the pleadings to file his Rule 41(a)(2) motion, and (unlike here) the *Moldonado* plaintiff's explanation of his need for the dismissal was convoluted. *Id.* at 957. Furthermore, the plaintiff acted in bad faith during the discovery process. *Id.* Some of these same considerations weigh against Plaintiffs here.

The Court has also considered the impact a dismissal without prejudice might have on future litigation. Such a dismissal might in fact harm both side's ability to obtain testimony given that witnesses often become more difficult to locate and memories fade with the passage of time. Another court has addressed this point, explaining:

> The defendant is not the only party who may suffer the consequences of the passage of time. The memories of witnesses for both sides may fade and the witnesses for both sides might become unavailable. . . . As both parties could suffer due to the passage of time, the Court finds that the defendant's argument against dismissing the action is not determinative.

*Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 357 (E.D.N.Y. 2002). This same rationale applies here.

The fact that Plaintiffs indicate that they will refile this case if and when they can afford

it does not constitute sufficient prejudice.  Courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues. *Jones v. S. Cent. Power Co.*, No. Civ. A. 204CV883, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005);  *B & J Mfg.*, 106 F.R.D. at 352; *Grover*, 33 F.3d at 718; *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *Tyco*, 627 F.2d at 56; *Broad. Music, Inc.*, 1984 WL 2130, at *1.

Protections exist against the prejudice Plaintiffs assert exists.  Pursuant to S. D. Ohio Civ. R. 41.1, if Plaintiffs subsequently refile this case or file a qualifying case that is then removed to this Court, the subsequent case shall be assigned or transferred to the undersigned judicial officer.  Counsel (or Plaintiffs proceeding without representation) are responsible for bringing to the attention of the Court any relationship between a subsequent new case and this dismissed action.  Moreover, if Plaintiffs indeed file a new action based on or including the same claim against Defendants, Defendants would be able to file a motion seeking from Plaintiffs all or part of the costs of this dismissed action pursuant to Federal Rule of Civil Procedure 41(d)(1). Absent a stay under Rule 41(d)(2), or following such a stay, this Court would then consider whether the new litigation should proceed only from the summary judgment stage that Plaintiffs have avoided through today's voluntary dismissal.

Accordingly, this Court concludes that it should grant Plaintiff's motion to dismiss without prejudice.  The extant question then becomes whether this dismissal without prejudice warrants the payment of attorneys' fees and costs that Defendants alternatively request.

A court can impose such defense costs when it grants a voluntary dismissal without prejudice.  *See, e.g.*, *Massey v. City of Ferndale*, 117 F.3d 1420, 1997 WL 330652, at *3 (6th

Cir. 1997) (unpublished table decision); *August Storck KG*, 1996 WL 634116, at *5. Imposing costs as a condition to voluntary dismissal is in fact "usually considered necessary for the protection of the defendant." *Puerto Rico Mar. Shipping Auth.*, 668 F.2d at 51. However, defense costs are not required as a matter of law and "no circuit court has held that such costs are mandatory." *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

There is no indication here that Plaintiffs' action was not a *bona fide* effort to seek redress for the alleged wrongs they perceived they suffered and continue to suffer. *See Blackburn v. City of Columbus, Ohio*, 60 F.R.D. 197, 198 (S.D. Ohio 1973) (holding that because plaintiff acted in good faith, attorneys' fees would not be awarded). Contrary to Defendants' contentions, this Court cannot say that Plaintiffs brought this action to harass, embarrass, or abuse either Defendants or the civil process. There is no doubt in this Court's mind that Plaintiffs think they have been wronged and think they are entitled to relief in federal court. Plaintiffs have explained some of their strategic choices, and while some individuals may not fully understand or agree with them, the Court cannot conclude that they warrant the conditions Defendants seek.

Finding such good faith does not end the analysis. Rather, courts have also looked to multiple factors in determining whether attorneys' fees are appropriate, including whether extensive discovery costs were involved, whether the procedural history of the case required substantial time and expense, and whether extraordinary expenses were incurred in defending the action. *See, e.g.*, *August Stork KG*, 1996 WL 634116, at *5 (awarding attorneys' fees because of the extraordinary costs of discovery). Factors in support of not awarding fees include whether a

plaintiff acted in good faith in bringing the suit, *Blackburn*, 60 F.R.D. at 198, and whether the costs were wasted. *See, e.g.*, *Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 WL 33244507, at *3 (S.D. Ohio Dec. 5, 2000) (attorneys' fees not required because there were no wasted costs).

      The recent vintage and current procedural posture of this litigation weigh against dismissal with the conditions Defendants request. Because Defendants could use the evidence obtained during this short-lived case in any subsequent action (as well as in Case No. 2:09-cv-312), the costs were not necessarily wasted. *See Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. 1992) (unpublished table decision) (crediting rule that "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims"). Additionally, Defendants can easily refile their summary judgment motion if Plaintiffs refile this case, adjusting the motion as necessary to address any pleading changes Plaintiffs may make. The Court should award attorneys' fees and costs only if necessary to protect Defendants, not to punish Plaintiffs, and any condition imposed should simply alleviate the harm that Defendants will suffer as a result of a dismissal without prejudice. *See id.* Because this litigation could resume where it has left off, the Court cannot conclude that the costs Defendants have incurred were necessarily wasted. The legal work performed would likely be useful in any subsequent litigation on the same claims and, as noted, Rule 41 provides Defendants with a stick to dissuade Plaintiffs from abusing the litigation process. Absent refiling, there can be no prejudice to Defendants here. Have weighed the foregoing, the Court concludes that conditioning dismissal on an award of attorneys' fees and costs is not warranted here.

For the foregoing reasons, this Court **GRANTS** Plaintiffs' motion to dismiss without prejudice (ECF No. 99) and **DENIES AS MOOT** Plaintiffs' motion to delay a ruling on Defendants' second motion for summary judgment (ECF No. 104) and Defendants' second motion for summary judgment (ECF No. 101).  The Court **DISMISSES** this case **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE